CLD-024                                                                        NOT  PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3708
_____

IN RE:  JOHNNY MARTINEZ,
                                              Petitioner

_____

Petition for Writ of Mandamus from the
United States District Court for the District of the Virgin Islands
(Related to Civ. No. 05-cv-00052)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 28, 2010

Before:  RENDELL, FUENTES and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed November 4, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Johnny Martinez petitions for a writ of mandamus directing the Appellate Division

of the District Court for the Virgin Islands to act on his motion for a certificate of

probable cause which is pending before the Superior Court of the Virgin Islands.   For the

reasons below, we will deny the petition.

        Martinez pleaded guilty to second-degree murder in the Territorial Court of the

Virgin Islands and is serving a sentence of forty-five years in prison.  In 2004, Martinez

filed a habeas petition in the Territorial Court in which he argued that (1) the second-degree murder statute was unconstitutionally vague; (2) his rights to due process and equal protection were violated because other murder defendants received shorter sentences; and (3) the sentencing judge failed to recuse herself. The Territorial Court, now known as the Superior Court of the Virgin Islands, denied the habeas petition in October 2004 and a motion to reconsider in January 2005.

Martinez appealed to the Appellate Division of the District Court of the Virgin Islands which remanded the matter to the Superior Court to determine whether a certificate of probable cause should issue. In December 2005, the Superior Court declared that it did not have to comply with the rule requiring it to issue a certificate of probable cause or state the reasons why one should not issue. In February 2008, the Appellate Division remanded the matter to the presiding judge of the Superior Court to determine whether a certificate of probable cause should issue. In June 2010, Martinez filed a petition for a writ of mandamus in the Superior Court requesting it to act on his request for a certificate of probable cause. On August 16, 2010, a Magistrate of the Superior Court recommended that a certificate of probable cause be denied, and Martinez subsequently filed objections to the Magistrate's recommendation. On August 23, 2010, Martinez filed his petition for a writ of mandamus with this Court.

A writ of mandamus should be issued only in extraordinary circumstances. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). Determining whether an extraordinary circumstance exists requires a two-part inquiry. First, it must be established that there is

2

no alternative remedy or other adequate means of relief. Second, a petitioner must demonstrate a clear and indisputable right to the relief sought. Kerr v. United States District Court, 426 U.S. 394, 403 (1976). Generally, mandamus relief is used to "confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26 (1943).

While there has been a lengthy delay in the Superior Court proceedings since the matter was remanded in February 2008, the Magistrate recently recommended that Martinez's request for a certificate of probable cause be denied. The delay has not risen to the level of an extraordinary circumstance such that the Appellate Division of the District Court has a duty to interfere in the Superior Court's resolution of Martinez's pending request for a certificate of probable cause. We are confident that the Superior Court will resolve the request in a timely fashion.

For the above reasons, we will deny the petition for a writ of mandamus.